IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FEDERATION OF PHYSICIANS AND DENTISTS,** | : CIVIL ACTION<br>:<br>: |
| Plaintiff, | :<br>: |
| v. | : Civ. Action No. 02-CV-4039 (PBT)<br>: |
| **JOHN F. KENNEDY MEMORIAL HOSPITAL** | :<br>:<br>: |
| Defendant. | : |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO
VACATE ORDER DISMISSING CASE PURSUANT TO RULE 41.1(b)**

**I.  FACTUAL BACKGROUND**

Plaintiff Federation of Physicians and Dentists (the "Union") and Defendant John F. Kennedy Memorial Hospital (the "Employer"), are parties to a collective bargaining agreement effective from May 1, 2000, through April 30, 2005. On September 13, 2000, the Employer terminated Dr. Mitchell Schwartzman, and the Union subsequently filed a grievance under the collective bargaining agreement. On April 30, 2001, Arbitrator Steven M. Wolf issued an Opinion and Award (the "Award"), finding, *inter alia*, that the Employer terminated Dr. Schwartzman without just cause, in violation of the agreement. Arbitrator Wolf ordered a make-whole remedy, including reinstatement and back pay.

On May 31, 2001, the Employer filed a Complaint with this Court, styled *John F. Kennedy Memorial Hospital v. Federation of Physicians and Dentists*, No. 01-CV-2685, seeking to vacate the Arbitrator's Award. In its Complaint, the Employer asserted that the Arbitrator's Award did not draw its essence from the collective bargaining agreement and that the Arbitrator exceeded his authority. On August 3, 2001, the Union filed a Motion to Dismiss the Employer's

Complaint, and on March 28, 2002, the Honorable Petrese B. Tucker issued a Memorandum and Order granting the Union's Motion.

After the Employer demonstrated no signs of complying with the Arbitrator's Award, on June 24, 2002, the Union filed a Complaint in the instant matter seeking enforcement of the Award. After a series of attempts to settle the matter, the parties executed a settlement agreement on January 21, 2003. On June 2, 2003, after the Employer failed and refused to comply with the settlement agreement, Plaintiff filed a Motion to Enforce Settlement Agreement with this Court. The parties met in Judge Tucker's chambers, and indicated that the dispute could be resolved. The Employer indicated that the Employer is experiencing economic difficulties, and Plaintiff indicated that Dr. Schwartzmann may be inclined to waive the non-monetary provisions of the Settlement Agreement, including reinstatement. Accordingly, the Court dismissed Plaintiff's first Motion to Enforce the Settlement Agreement without prejudice and issued an Order instructing the parties to enter into a final settlement agreement on or before July 16, 2003.

The parties were again unable to resolve this matter, and on September 19, 2003, Plaintiff again filed a Motion to Enforce Settlement Agreement. On December 11, 2003, the Court issued an Order granting Plaintiff's motion, and ordering the Employer to pay a sum of $10,000.00 to Plaintiff. To date, the Employer has failed to comply with the settlement agreement and the Court's Order. On April 26, 2004, the Court issued an Order dismissing this action pursuant to Local Rule of Civil Procedure 41.1(b). However, the Employer has still not complied with the terms of the settlement agreement, and has ignored the Court's December 11, 2003, Order.

**II.    ARGUMENT**

Pursuant to Local Rule of Civil Procedure 41.1(b), a party seeking to vacate, modify or strike a court's order of dismissal bears the burden of showing good cause why the order should be set aside or modified. *Wyndmoor Learning Ctr. v. City of Wilmington,* 1996 WL 117471 (E.D.Pa. March 12, 1996). "The fact that a party has reviewed his situation and had a change of heart after entering into an otherwise valid settlement agreement does not constitute 'good cause' under Rule 41.1(b)." *Capital Controls Co. v. Aetna Casualty & Surety Co.,* 1989 WL 167396 (E.D.Pa. Aug. 2, 1989). However, a case which has been dismissed under Rule 41.1(b) can be re-opened when a party has shown good cause for the sole reason of enforcing the terms of the settlement agreement. *Philadelphia Training Ctr. v. State of Georgia,* 822 F.Supp. 239, 239, 241 (E.D.Pa.1993).

Here, Plaintiff moves the Court to vacate its Order dismissing this action because the Employer has failed to comply with the Court's Order enforcing the terms of the settlement agreement. Plaintiff is not requesting relief outside the original settlement agreement, but is requesting that the Court enforce the agreement and its original Order against the Employer, and instruct the Employer to pay $10,000.00 to Plaintiff.

**III.    CONCLUSION**

This Court issued a clear Order enforcing the settlement agreement and requiring the Employer to pay $10,000.00 to the Plaintiff. To date the Employer has failed to comply with any of the terms of the Agreement, and has ignored this Court's Order. Accordingly, it is necessary that the Court vacate and strike from the record the Court's Order dismissing this action, and the Court must enforce the Agreement and order the Employer to comply with its terms.

        Respectfully submitted,

        FREEDMAN AND LORRY, P.C.


By:_____
    LANCE GEREN
    Pa. Attorney I.D. No. 86064
    Validation of Signature Code: lmg61
    400 Market Street, Suite 900
    Philadelphia, PA 19106-2509
    (215) 931-2573

    Attorneys for Plaintiff Federation of Physicians and Dentists

Dated: July 16, 2004

## CERTIFICATION OF SERVICE

The undersigned hereby certifies that on this 16th day of July 2004, a true and correct copy of the foregoing MOTION TO VACATE ORDER DISMISSING CASE PURSUANT TO RULE 41.1(b), was served by first class mail, on the following individual:

Samuel L. Spear, Esq.
Spear, Wilderman, Borish, Endy, Spear & Runckel
230 South Broad Street, Suite 1400
Philadelphia, PA 19102

_____
LANCE GEREN

Dated: July 16, 2004